UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM EDWARD YOUNG and JAMIE DAWN YOUNG, | ) ) ) | CIV. 09-5024-RHB |
| Debtors/Appellants, | ) ) | |
| vs. | ) ) | ORDER AFFIRMING BANKRUPTCY COURT |
| FORREST C. ALLRED, | ) ) ) ) | |
| Trustee/Appellee. | ) | |

This matter began as a proceeding in United States Bankruptcy Court in the District of South Dakota. Before the Court is an appeal from a final Order for Turnover issued by the bankruptcy court[1] on February 19, 2008. Bankr. No. 08-50148, Docket #63. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

**FACTS AND PROCEDURAL HISTORY**

The bankruptcy court's ruling was decided on stipulated facts, which are contained in the record and need not be reproduced in their entirety here. Docket #5-3. However, the facts pertinent to this Court's appellate review will be briefly discussed.

William and Jamie Young (debtors) filed a petition for Chapter 7 bankruptcy on May 23, 2008. On November 25, 2008, Forrest Allred (trustee) filed a motion with the bankruptcy

---

[1] The Honorable Charles L. Nail, United States Bankruptcy Judge for the District of South Dakota.

court for an order requiring debtors to turn over to trustee certain non-exempt property. The matter was contested. On February 19, 2008, the bankruptcy court found in favor of trustee and entered an order requiring debtors to turn over $28,302.62 to trustee within 40 days. Debtors appeal from that order.

At all times relevant, debtor William Young (Young) worked as a real estate agent. South Dakota law requires all real estate agents to be affiliated with a managing broker. Young was affiliated as an independent contractor with The Real Estate Group, a South Dakota corporation. Young was compensated in the form of a commission for each completed transaction in which he served as agent.

On the date that debtors filed for bankruptcy, Young was the selling agent on two different real property purchase agreements, each of which had been executed by buyers and sellers, but neither of which had closed as of the date of filing. Both transactions eventually closed – the first, on May 29, 2008, which resulted in a commission of $18,550.00 paid to Young; the second, on June 3, 2008, which resulted in a commission of $5,224.00 paid to Young. The bankruptcy court included these commission payments as non-exempt personal property in its turnover order, which required debtors to submit that amount to the trustee as part of the bankruptcy estate.

The only significant question in this case is whether or not a real estate agent's commissions earned in connection with a sale contract entered into pre-petition but not closed until post-petition are property of the debtors' bankruptcy estate and therefore subject to turnover to the trustee.

**STANDARD OF REVIEW**

The question of whether certain property should be included in a bankruptcy estate is a question of law. In re Parsons, 280 F.3d 1185, 1188 (8th Cir. 2002). Questions of law are reviewed *de novo*. Id.

**DISCUSSION**

Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a)(1) applies to contingent interests. In re Potter, 228 B.R. 422 (B.A.P. 8th Cir. 1999).

In South Dakota, a real estate agent or broker earns a commission when he or she "produces a ready, willing and able buyer to purchase seller's property under a real estate listing agreement." Heinrich v. R.L. Oil & Gas Co., Inc., 442 N.W.2d 467, 467 (S.D. 1989). The real estate contracts at issue in this case were both executed prior to debtors' filing bankruptcy. Thus, the commissions on those transactions were earned pre-petition.

The recent case of In re Smith, No. 08-6050 (B.A.P. 8th Cir. 2009), is dispositive on this issue. Smith presented facts identical to those in the present case, and the court faced an identical question: whether a real estate agent's commissions earned in connection with two sale contracts entered into pre-petition but not closed until post-petition are property of the debtors' bankruptcy estate subject to turnover to the trustee. The Eighth Circuit Bankruptcy Appellate Panel found that the commissions were property of the estate, which the debtor was required to turn over to the trustee. The bankruptcy court reached the same conclusion in the present case.

3

Debtors seek to distinguish Smith from this case on the basis that Smith pertained to an Iowa real estate transaction, and Iowa has a different statutory scheme with respect to the regulation of real estate brokers and agents. The Court does not find this argument to be persuasive. On the contrary, the two states' laws regulating real estate brokers and agents are identical in every way material to the issues in this case.

Debtors also argue that under South Dakota law, real estate commissions are owed to the broker, and not the agent – in other words, the commissions at issue in this case belong to The Real Estate Group (REG), and not Young. Without evidence of a contractual relationship between REG and Young, debtors argue, there is no reason to believe that the commissions at issue were Young's property.

Debtors are correct to note that there is no documentary evidence of a contractual relationship between REG and Young. However, as the trustee notes in his brief, it is undisputed that Young actually received the commission payments at issue in this case. The Court can safely conclude that REG did not pay Young those commissions out of charity, but rather did so because of a legal obligation to do so. Thus, the Court finds debtors' argument to be without merit.

Finally, debtors argue that there is no support in the record to justify the amount that the bankruptcy court ordered to be turned over to the trustee. Specifically, debtors argue that the sum of the two real estate commissions at issue ($23,774.00) is less than the amount ordered to be turned over ($28,302.62).

4

Debtors' argument that the $28,302.62 amount has no support in the record is simply wrong. The trustee's motion for turnover in the underlying matter plainly shows that debtors had other property, in addition to the real estate commissions, in excess of their allowed exemptions. Bankr. No. 08-50148, Docket #46. The property identified by the trustee as non-exempt was itemized with descriptions and values. The amount the bankruptcy court ordered to be turned over to the trustee is precisely the amount identified as non-exempt property in the trustee's motion for turnover. Debtors argument is without merit.

## CONCLUSION

Based upon the foregoing discussion, it is hereby

ORDERED that the bankruptcy court's Order for Turnover is affirmed in its entirety.

IT IS FURTHER ORDERED that the trustee's motion to dismiss appeal (Docket #6) is dismissed as moot.

Dated this 5th day of August, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE